IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-2-D
No. 5:12-CV-75-D

| | |
|---|---|
| VICTOR ALEXANDER HOLT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On February 20, 2012, Victor Alexander Holt ("Holt") filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 26], and filed a memorandum in support [D.E. 26-1]. On April 16, 2012, the government moved to dismiss Holt's motion [D.E. 29], and filed a supporting memorandum [D.E. 31]. Holt responded in opposition [D.E. 32]. As explained below, the court grants the government's motion to dismiss and dismisses Holt's motion to vacate his sentence.

I.

On January 5, 2011, a grand jury returned a one-count indictment that charged Holt with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and aiding and abetting, in violation of 18 U.S.C. § 2 [D.E. 1]. On March 21, 2011, Holt pleaded guilty without a plea agreement to the indictment [D.E. 17]. On July 22, 2011, the court calculated Holt's advisory guideline range to be 63 to 78 months and sentenced Holt to 72 months' imprisonment [D.E. 18, 21–22]. Holt did not appeal.

In his section 2255 motion, Holt asks the court to vacate his current sentence and to re-sentence him in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See Mot.

Vacate 5, 14. Holt does not (and cannot) contend that he is actually innocent of his current felon-in-possession conviction. See Pet.'s Mem. Supp. Mot. Vacate 3. Rather, Holt argues that, after Simmons, the court's calculation of his base offense level is now erroneous because it rested upon a North Carolina conviction that no longer qualifies as a felony. Id. 2. As a result, Holt argues that he was prejudiced by "receiving a guideline sentence based on a guideline calculation that can no longer stand in light of Simmons." Id. 5.

A section 2255 petitioner bringing a collateral attack on his sentence first must establish that the petition is timely. See 28 U.S.C. § 2255(f). Holt's petition is timely because it was filed within one year of when his judgment of conviction became final. See id. § 2255(f)(1). However, because Holt did not directly appeal his sentence, Holt may collaterally attack his sentence only if he can demonstrate "cause and actual prejudice resulting from the errors of which he complains," or "that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); see United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008) (per curiam) (unpublished). Holt fails to show actual prejudice from his sentencing or that it resulted in a miscarriage of justice.

At Holt's July 2011 sentencing, the court calculated Holt's base offense level to be 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because he had sustained a felony drug conviction for felony possession with the intent to sell or deliver cocaine in March 2010. See PSR [D.E. 18] ¶¶ 12–13, 39. In March 2010, Holt was sentenced in Onslow County Superior Court to 10–12 months' imprisonment on the cocaine charge. See id.; March 2010 Judgment [D.E. 26-2]. In July 2011, when this court sentenced Holt, the court followed Fourth Circuit precedent and held that the March 2010 cocaine conviction qualified as a prior felony drug conviction under section 2K2.1(a)(4)(A). See United States v. Harp, 406 F.3d 242 (4th Cir. 2005). After Holt's sentencing and after his

2

conviction had become final, the Fourth Circuit overruled Harp in Simmons. Under Simmons, Holt's March 2010 drug conviction would not qualify today for the application of section 2K2.1(a)(4)(A). See Simmons, 649 F.3d at 243–47 (requiring sentencing courts to determine whether a prior conviction is a felony by looking to the maximum sentence that could have been imposed based on the defendant's actual prior record level).

Section 2255 may provide relief when a sentence is imposed "in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). However, errors in calculating an advisory guidelines range generally do not constitute prejudice or a miscarriage of justice sufficient to surmount the procedural bar of section 2255 when the sentence imposed does not exceed the statutory maximum. See, e.g., United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("extraordinary circumstances" must be present in order to raise guideline calculation errors in a section 2255 proceeding); Mikalajunas, 186 F.3d at 496; see also Sun Bear v. United States, 644 F.3d 700, 704–05 (8th Cir. 2011) (en banc). That principle remains true even after Simmons. See, e.g., United States v. Powell, 691 F.3d 554, 563 & n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in judgment in part); Jackson v. United States, Nos. 3:11-cv-673-FDW, 3:04-cr-162-FDW-2, 2012 WL 5379057, at *3 (W.D.N.C. Oct. 31, 2012) (unpublished); Dudley v. United States, Nos. 5:09-CR-358-BO, 5:12-CV-423-BO, 2012 WL 5336218, at *2 (E.D.N.C. Oct. 26, 2012) (unpublished); Troy v. United States, Civil Action No. 4:11-3373-TLW, Cr. No. 4:04-811, 2012 WL 5077569, at *5 (D.S.C. Oct. 18, 2012) (unpublished).

Holt argues that if the court resentenced him today and applied the principles of Simmons, Holt's base offense level would be 14 instead of 20. See Pet.'s Mem. Supp. Mot. Vacate 4; cf. U.S.S.G. 2K2.1(a)(6). Holt then argues that his ultimate advisory guidelines would decrease from 63 to 78 months to 33 to 41 months based on a total offense level of 13 and a criminal history

3

category of VI. See U.S.S.G. § 5A (sent'g table); cf. PSR ¶¶ 39–50.

Notably, even if this hypothetical, post-Simmons advisory guidelines range is correct (an issue that the court need not reach), Holt's actual sentence of 72 months' imprisonment remains within the statutory maximum of 120 months' imprisonment. See 18 U.S.C. § 924(a)(2). Thus, Holt alleges nothing more than a calculation error in the advisory guidelines range, which is insufficient to demonstrate prejudice or a miscarriage of justice. See Pregent, 190 F.3d at 283–84; Mikalajunas, 186 F.3d at 496.

In opposition to this conclusion, Holt argues that under the reasoning of Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011), an advisory guidelines calculation error is cognizable in a section 2255 proceeding. See Pet.'s Resp. Opp'n Mot. Dismiss 5–6. The court finds Narvaez distinguishable. See Dailey v. United States, Nos. 7:06-CR-36-BO, 7:12-CV-224-BO, 2012 WL 5471156, at *2 n.2 (E.D.N.C. Nov. 9, 2012) (unpublished). First, the defendant in Narvaez was sentenced under a mandatory guidelines scheme and benefitted from Supreme Court rulings that applied retroactively on collateral review to narrow Narvaez's scope of punishment. See Narvaez, 674 F.3d at 625–26, 628. Unlike in Narvaez, the guidelines were advisory when this court sentenced Holt. Thus, a reduction in the advisory guidelines range, even if Simmons applied retroactively, would not necessarily decrease Holt's sentence. Cf. Powell, 691 F.3d at 563 (King, J.). Second, in Narvaez, the court regarded the imposition of the career-offender enhancement under the mandatory guidelines as "creat[ing] a legal presumption that [the defendant] was to be treated differently from other offenders because he belonged in a special category reserved for the violent and incorrigible." Narvaez, 674 F.3d at 629. This court, however, did not apply the career-offender enhancement to Holt. Thus, Narvaez provides no assistance to Holt. Accordingly, Holt has failed to demonstrate that he would suffer prejudice or a miscarriage of justice from the alleged advisory guidelines

4

calculation error.

Finally, the court notes that even if it sentenced Holt after Simmons, it would have imposed the same sentence. At sentencing, the court calculated the advisory guidelines range, considered the arguments of counsel, considered Holt's allocution, and considered all of the factors under 18 U.S.C. § 3553(a). The court then explained at length why it sentenced Holt to 72 months' imprisonment. The 72 months sentence is (and remains) the sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a). Such a sentence would have been (and remains) procedurally and substantively reasonable. See, e.g., United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012); United States v. Diosdado-Star, 630 F.3d 359, 365–67 (4th Cir. 2011); United States v. Evans, 526 F.3d 155, 161–66 (4th Cir. 2008). Thus, for this alternative reason, Holt suffered no prejudice.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Holt's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 29] and DENIES Holt's motion to vacate, set aside, or correct his sentence [D.E. 26]. The court also DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _11_ day of January 2013.

JAMES C. DEVER III
Chief United States District Judge